Hornblower, C. J.
The Circuit Court sent up with this writ, transcripts of the affidavit, writ of attachment, return of the sheriff, and of a rule to show cause why the writ should not be quashed, entered by the attorney of the defendants in attachment, in August term 1845.
*671 But at the last term of this court, the plaintiffs in Certiorari, who were the defendants in attachment, entered a rule directing the circuit court to send up the original papers, and the entry in the clerk’s book. Accordingly at this term, the clerk of the circuit has sent here, the original affidavit, the writ, and sheriff’s return, inventory and appraisement, and also a copy of the entry of the action in the clerk’s book.
It is proper to remark, that this proceeding is irregular. It was wrong, unless for some special cause shown, to call on the court below to send up the original document. A Certiorari, it is true, brings up the record; but the transcript is taken for the record; the actual record, or files of the court are not to be sent up with the Certiorari. The State v. The Morris Can., Co. 2 Green 411. Besides this the answer here made to the rule is, by the clerk, and not by the Circuit Court. It is, “ I, N. B. Clerk, do certify and send, &c.” I notice these matters, only as irregularities, that ought not to be allowed.
All the reasons assigned for reversal in this case, with the exception of one, are the same as in the case of Morrel v. Buekley et al.; and I am of opinion they ought to be overruled, for the same reasons.
The additional reason is, that the affidavit in this case, was not made by one of the plaintiffs in attachment, but by their attorney or agent; and that it does not appear by the affidavit, that the plaintiffs were absent or resided out of the state. Elm. Dig., 20.
The affidavit was made by Isaac P. Martin, who swears, “ that he is a resident of the City and County of New York, in the state of New York, and attorney and agent of Charles H. Fearing, and Peleg Hall, trading and doing business in the said city of New York, in the name and firm of Fearing and Hall, &c.”
I admit it must appear by the affidavit, when it is made by an agent, not only that the deponent is such agent, but also that the creditor, whose agent he is, was absent from, or resided out of the state, when the affidavit was made. An affidavit made by A., that B. was indebted to C., would not authorize the issuing of an attachment against B. at the suit of C. Nor could such writ, if issued, be afterwards legalized, by proving that A,, when *672 he made the affidavit, was in fact the agent of C ; and that C was then absent from, or resided out of, the State. Not, however, because subsequent affidavits cannot be received, in cases of attachment; for it is every day’s practice to do so ; but because, the writ, when issued, must be lawfully issued.
But upon careful consideration, I am of opinion, it sufficiently appears by this affidavit, that the suing creditors, resided out of this state, when the affidavit was made. It was made at the city of New Brunswick, and the deponent swears, not only that he was their agent, but that he himself resided in New York; and that his principals were partners in trade, doing business there. This, I think, is prima facie evidence of their residence there, and sufficient to maintain the writ, until the contrary is shown. I say, until the contrary is shown ; for it would undoubtedly be competent for the defendants, to come before the court, on a motion to quash the writ; and prove by affidavits that the plaintiffs resided in this state when the affidavit for an attachment was made. It would be competent for them to do so, if that affidavit had stated in the most direct and unqualified terms, that the plaintiffs were at that time absentees or non-residents. Affidavits are continually received to contradict the most express depositions, that defendants in attachment have absconded, or are non-residents; and writs of attachment are very often quashed, upon such counter affidavits.
In my opinion therefore, all the exceptions taken to these proceedings, must be overruled, and the proceedings below stand affirmed.
In this case the clerk, in answer to the rule on the Circuit Court above mentioned, has sent a copy of the entry in the clerk’s book; and after stating the names of the parties, and the style of the court, the entry is as follows: “ attachment for $6283.11 ; affidavit filed and writ sealed August 25th, 1845.” This is certainly no compliance by the clerk, with the directions of the act of the 25th of February, 1839. But the neglect of the clerk to make the proper entries in his book, whatever may be the consequences to him, cannot furnish the defendants with any just ground of complaint on Certiorari, or constitute a reason for quashing the writ.

Proceedings affirmed.

*673 Whitehead, J. concurred; the other justices did not hear the argument and expressed no opinion.
Cited in Morrel v. Gardner, Spenc. 673.